LANE, SECRETARY OF THE INTERIOR, ET AL. *v.* MORRISON, FOR AND ON BEHALF OF HIMSELF AND ALL OTHER MEMBERS OF THE CHIPPEWA TRIBE OF INDIANS IN MINNESOTA SIMILARLY SITUATED.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 169.   Argued January 30, 1918.—Decided March 4, 1918.

Congress, in the acts making appropriations under the general head for the "current and contingent expenses of the Indian Department [or Bureau] and fulfilling treaty stipulations with various Indian tribes," having long made a practice of appropriating each year specifically for the "civilization and self-support" of Chippewa Indians in Minnesota out of their trust funds under the Act of January 14, 1889, c. 24, 25 Stat. 642, *held*, that the appropriation so expressed in the appropriation act for the fiscal year 1915 was repeated for the fiscal year 1916 by the Joint Resolution of March 4, 1915, 38 Stat. 1228, which, in default of a new appropriation act, declared the

appropriations for the former year continued for the latter, employing only the general language of the former appropriation acts to designate the purposes, and providing against the duplication of special payments and the execution of any purpose intended by the former act to be paid for but once or confined to the former fiscal year.

45 App. D. C. 79, reversed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Warren* for appellants.

*Mr. Webster Ballinger* for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Appellee by bill in Supreme Court, District of Columbia, sought to prevent officers of the Interior Department from disbursing during fiscal year ending June 30, 1916, one hundred and sixty thousand dollars out of trust funds belonging to Chippewa Indians of Minnesota on deposit in United States Treasury.

"An Act making appropriations for the current and contingent expenses of the Bureau of Indian Affairs, for fulfilling treaty stipulations with various Indian tribes, and for other purposes, for the fiscal year ending June thirtieth, nineteen hundred and fifteen," approved August 1, 1914, c. 222, 38 Stat. 582, 590, provided:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the following sums be, and they are hereby, appropriated, out of any money in the Treasury not otherwise appropriated, for the purpose of paying the current and contingent expenses of the Bureau of Indian Affairs, for fulfilling treaty stipulations with various Indian tribes, and in full compensation for all offices the salaries for which are provided for herein for the service of the

fiscal year ending June thirtieth, nineteen hundred and fifteen, namely:

∗   ∗   ∗   ∗   ∗   ∗   ∗   ∗

"Sec. 8. . . . The Secretary of the Interior is hereby authorized to withdraw from the Treasury of the United States, at his discretion, the sum of $205,000, or so much thereof as may be necessary, of the principal sum on deposit to the credit of the Chippewa Indians in the State of Minnesota, arising under section seven of the Act of January fourteenth, eighteen hundred and eighty-nine, entitled 'An Act for the relief and civilization of the Chippewa Indians in the State of Minnesota,' and to use the same for the purpose of promoting civilization and self-support among the said Indians in manner and for purposes provided for in said Act," provided [not more than $45,000 of this amount may be used for purchase of lands and removal of bodies of certain deceased Indians].

The annual appropriation bill for current and contingent expenses of the Bureau of Indian Affairs, etc., for fiscal year ending June 30, 1916, failed of passage and in lieu of it Congress passed the Joint Resolution, approved March 4, 1915, [38 Stat. 1228] which follows:

"Joint Resolution making appropriations for current and contingent expenses of the Bureau of Indian Affairs, for fulfilling treaty stipulations with various Indian tribes, and for other purposes, for the fiscal year ending June thirtieth, nineteen hundred and sixteen.

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That all appropriations for the current and contingent expenses of the Bureau of Indian Affairs and for fulfilling treaty stipulations with various Indian tribes, which shall remain unprovided for on June thirtieth, nineteen hundred and fifteen, are continued and made available for and during the fiscal year nineteen hundred and sixteen

to the same extent, in detail, and under the same conditions, restrictions, and limitations for the fiscal year nineteen hundred and sixteen as the same were provided for on account of the fiscal year nineteen hundred and fifteen in the Indian appropriation Act for that fiscal year. For all of such purposes a sufficient sum is appropriated, out of any money in the Treasury not otherwise appropriated, or out of funds to the credit of Indians as the same were respectively provided in the Indian appropriation Act for the fiscal year nineteen hundred and fifteen: *Provided,* That the appropriations from the Treasury of the United States or from Indian funds shall not exceed in the aggregate the amounts of such appropriations for the fiscal year nineteen hundred and fifteen: *Provided further,* That this joint resolution shall not be construed as providing for or authorizing the duplication of any special payment or for the execution of any purpose provided for in said appropriation Act that was intended to be paid only once or done solely on account of the fiscal year nineteen hundred and fifteen . . ."

The original bill alleged that no part of the $205,000 appropriated by Act of August 1, 1914, was for expenses of the Bureau of Indian Affairs or for fulfilling treaty stipulations with Chippewa Indians of Minnesota but all (except the $40,000 item not here involved) was for special payments and limited to fiscal year ending June 30, 1915; that it was not intended as a regular annual appropriation and the Joint Resolution of 1915 in express language excluded such items in Act of 1914 from being re-expended during 1916; that notwithstanding this the Comptroller of the Treasury had ruled the Joint Resolution did re-appropriate $160,000, and the Secretary of the Interior and Commissioner of Indian Affairs were preparing to expend such sum out of Indians' trust funds; and that unless enjoined they would draw warrants therefor upon the Treasury which would be honored.

Upon motion, the trial court dismissed the bill for want of equity. The Court of Appeals reversed the decree, holding the Joint Resolution did not re-appropriate $160,000 and the relief prayed should have been granted. Treating this as final and conclusive of issues involved the cause was brought here by appeal.

The only point presented for decision is whether by the language used Congress has sufficiently indicated an intent to appropriate the money in question. The bill does not challenge its power.

Under an Act approved January 14, 1889, 25 Stat. 642, lands in Minnesota occupied by Chippewa Indians were disposed of and proceeds deposited to their credit in the United States Treasury, it being agreed that the fund should bear five per cent. interest to be paid directly to the Indians or used for their schools, and further "that Congress may, in its discretion, from time to time, during the said period of fifty years, appropriate, for the purpose of promoting civilization and self-support among the said Indians, a portion of said principal sum, not exceeding five per centum thereof." For many years subsequent to 1889 under the general head of "Current and contingent expenses of the Indian Department . . . and fulfilling treaty stipulations with various Indian tribes" appropriations were made for general benefit of Chippewas "to be reimbursed to the United States out of the proceeds of sales of their lands." In 1911 their funds derived from land sales had become very large; and beginning then and continuing down to 1914 the annual Indian appropriations bill contained an item essentially similar (except as to amounts) both in words and position to the one in § 8, Act of 1914, quoted above.

It seems clear that "civilization and self-support" among the Indians cannot be promoted effectively by disconnected efforts, but must be accomplished, if at all, by definite, permanent plans operating through many years.

And in view of the long continued practice of Congress to provide funds for such continuous efforts by annual appropriations, the circumstances under which the Joint Resolution became law, and the studied incorporation therein of the language of former appropriation acts, we think the purpose was to authorize expenditure of $160,000 during 1916, as had been done for 1915. A different construction might have occasioned disruption of well ordered arrangements for advancing the Nation's wards, to the great detriment of all concerned; and to such unfortunate consequences experienced legislators probably were not oblivious.

By construing the resolution too narrowly the court below reached an erroneous conclusion. Its decree is therefore reversed; and the decree of the Supreme Court, District of Columbia, is affirmed.

*Reversed.*

Mr. Justice McKenna dissents.